# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

**Nancy Gerdts, individually and for minor A.G.; Cindy Slavens, individually and for minor J.S.; and Alan & Laurissa Chilson, for themselves and all others similarly situated,**

       **Plaintiffs,**

v.

**SmithKline Beecham Corporation, d/b/a GlaxoSmithKline and GlaxoSmithKline plc,**

**MEMORANDUM OPINION & ORDER**
**Civil No. 04-3500(MJD/JGL)**

---

Paul R. Dahlberg, Anthony J. Nemo, and Andrew L. Davick, Meshbesher & Spence, Ltd., for and on behalf of Plaintiffs.

James D. Miller, King & Spaulding LLP, and Scott A. Smith, Amanda M. Cialkowski and Tracy J. Van Steenburgh, Halleland Lewis Nilan & Johnson, P.A., for and on behalf of Defendants.

---

## I.    INTRODUCTION

Before the Court is GSK's motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of this Court's Order denying GSK's motion to dismiss pursuant to Rule 12(b)(6). [Doc. No. 25.]

1

This is an action that involves the prescription drug paroxetine, sold under the trade name Paxil® ("Paxil"), and marketed by SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK").  Plaintiffs seek to represent a class of persons who purchased Paxil after November 19, 1998, for the treatment of depression in patients under the age of eighteen years. (Compl. ¶ 1.)  The basis of Plaintiffs' claims is that GSK misrepresented information concerning the safety and efficacy of Paxil for treating pediatric depression. (Id. ¶ 2.)  Specifically, Plaintiffs allege that GSK has "allowed positive information about pediatric use of paroxetine to be disclosed publically, but ha[s] withheld and concealed negative information concerning the safety and effectiveness of the drug as a treatment for pediatric depression." ( Id.)

## II.     DISCUSSION

### A.     Underlying Motion and Decision

In its motion to dismiss [Doc. No. 7], GSK argued that Plaintiffs did not sufficiently plead injury – that Plaintiffs failed to contend that Paxil did not treat pediatric depression in *their* children. Without alleging either injury or lack of effectiveness, GSK argued that Plaintiffs had not properly asserted claims for fraud, misrepresentation or breach of warranty.  Plaintiffs responded that this action involves economic transaction claims that Paxil was not effective for the treatment of pediatric depression, and therefore all class members who purchased

Paxil for the treatment of pediatric depression were injured at the time of purchase.

The main legal authority cited in support of GSK's motion to dismiss was the Eighth Circuit's decision in <u>Briehl v. GMC</u>, 172 F.3d 623 (8th Cir. 1999). In that case, the court recognized that in product liability cases, "[c]ourts have been particularly vigilant in requiring allegations of injury or damages. . . . 'It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own.'" <u>Id.</u> at 628 (quoting <u>Weaver v. Chrysler Corp.</u>, 172 F.R.D. 96, 99 (S.D.N.Y. 1997)) (other citations omitted). <u>See</u> <u>also</u>, <u>Rivera v. Wyeth-Ayerst Laboratories</u>, 283 F.3d 315, 320-21 (5th Cir. 2002) (buyer of prescription drug, seeking economic damages based on fact that some users suffered liver damage, lacked standing due to her lack of injury).

In support of its motion to dismiss, GSK asserted that because Plaintiffs relied on general statements that Paxil was not effective in the treatment of pediatric depression, rather than specifically alleging that Paxil did not work for their children, the motion to dismiss should have been granted. This Court rejected GSK's argument, finding that the Plaintiffs' allegations were sufficient to state a claim. Specifically, the Court found the following:

> Plaintiffs have asserted claims of fraud, misrepresentation, breach of warranties and refund/restitution. An essential element to all of these claims is that Paxil was not effective for the treatment of pediatric depression, and Plaintiffs have appropriately included these allegations in the Complaint. For example, in paragraphs 90 through 94, Plaintiffs describe the data they allege indicate Paxil was not effective for adolescent depression. See e.g. ¶ 91 (study published in *The Lancet* concluded paroxetine did not improve depressive symptoms for adolescents and that "little evidence remained for efficacy"); ¶ 92 (GSK admitted in May 2004 letter that clinical trials failed to demonstrate efficacy in pediatric depression); ¶ 94 (paroxetine failed to demonstrate efficacy in pediatric depression.) Further, in paragraph 113 it is alleged that "Paxil failed to show efficacy for treatment of adolescent depression . . .". And in paragraph 118, Plaintiffs allege "Paxil was not of merchantable quality or safe or fit for its intended use, because the drug was not effective for the treatment of pediatric depression . . ." Accordingly, the Court finds that Plaintiffs have sufficiently alleged injury to withstand Defendant's motion to dismiss.

(Doc. No. 24 at 9-10.) The Court denied GSK's Motion to Dismiss on May 4, 2005.

### B.   Standard for Certification of Interlocutory Appeals

Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . .

> Given the court's long recognized policy to discourage piece-meal appeals,

certification pursuant to 28 U.S.C. § 1292(b) "should and will be used only in

exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). "[T]he movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. (citation omitted).

As indicated above, Section 1292(b) contains three criteria for certification: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.

GSK asserts that the controlling question of law is as follows:

> Where plaintiffs seek a refund of the purchase price of a product in an action for consumer fraud, misrepresentation, and breach of warranty, but do not allege that the defect in question "manifested itself in the product they own," have they stated a legally cognizable claim under Briehl . . . ?

(Def. Mem. Supp. Mot. at 1.)

Notably absent from both GSK's moving memorandum and reply memorandum, however, is any argument that there is a substantial ground for difference of opinion as to the above question of law – one of the requirements for granting certification under 1292(b). As Plaintiffs point out, absent a substantial ground for difference of opinion – either an absence of controlling authority or conflicting authority – certification is not proper. It is not enough that the party

simply disagrees with the Court's ruling.

None of the cases cited by GSK supports its argument that certification may be granted absent a showing of a substantial ground for difference of opinion. Thus, GSK has not met its heavy burden to demonstrate that this is an exceptional case warranting immediate appeal. To that end, GSK's Counsel made the following statement during oral argument: the Court's May 4, 2005 decision to deny GSK's motion to dismiss "was clearly well written and obviously reflected a great deal of work and thought by the Court." (July 27, 2005 oral arg.) The Court takes GSK at its word, and finds that GSK is simply dissatisfied with the Court's May 4, 2005 ruling. That dissatisfaction does not constitute grounds for granting GSK's motion.

Accordingly, **IT IS HEREBY ORDERED** that GSK's motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of this Court's Order denying GSK's motion to dismiss pursuant to Rule 12(b)(6). [Doc. No. 25.] is **DENIED**.

Dated: July 29, 2005

s/ Michael J. Davis
Michael J. Davis
United States District Court
